## ABNER GENTRY, Appellant, *v.* TALBOT H. LOW, Respondent.

Sufficiency of Complaint. Where plaintiff, in an action to have defendant
declared his trustee as to certain lots in Carson City, set forth that he had pur-
chased the same at a sheriff's sale upon foreclosure of a mortgage, had pro-
cured a sheriff's deed, and was the owner thereof; and that between the dates
of his purchase and sheriff's deed the defendant, colluding with the mortgagor
and fraudulently representing himself as the true owner, had prevented a con-
veyance of the legal title from the trustee of the town site: *Held*, that the
complaint was utterly defective in not setting out that the mortgagor, whose
interests he had purchased, would have been entitled to a conveyance of the
legal title.

Legal Title of Land in Trust. To hold one who has obtained the legal title
of land as a trustee for another, who claims to be the owner, as being substi-
tuted to the rights of a third person, it is necessary to set forth and show that
such third person was the owner.

Appeal from the District Court of the Second Judicial District,
Ormsby County.

The trial in the Court below took place before the Hon. C. N.
Harris, Judge of the Third Judicial District, who for the time be-
ing occupied the bench. It appeared in evidence among other
things, that Hon. S. H. Wright, Judge of the Second Judicial
District, held the legal title of the town site of Carson City, by
patent from the United States in trust for the occupants, under
the Act of Congress of May 23, 1844; that on Sept. 7, 1866,
he gave public notice of the receipt of the patent as prescribed by
law; that within the sixty days allowed by the law of the State to
file claims, defendant, Low, filed with said judge a claim for the
lots in question, and that no other person filed any claim. The
foreclosure sale took place on August 29, 1866, the lots being bid
off for $550.

*Will Campbell* and *P. H. Clayton,* for Appellant.

*Ellis and Sawyer* and *Geo. A. Nourse,* for Respondent.

By the Court, BEATTY, C. J.

This was a bill filed for the purpose of having the defendant de-

clared a trustee for plaintiff, as to a certain piece of land, the legal title of which he had recently acquired.

The bill alleges that the property in dispute (certain lots in Carson City) was sold under a decree to foreclose a mortgage against Moses Haynes and wife ; that plaintiff at the sale under such decree became the purchaser, and in due time got a ·sheriff's deed for the property, and has since then been the owner thereof ; that between the time of his purchase and the expiration of the six months allowed by law for redemption, when he obtained the Sheriff's deed, S. H. Wright, District Judge of the Second Judicial District of the State of Nevada, and ex-officio Trustee of the occupants of the town site of Carson, gave a conveyance of this property to defendant. The defendant, colluding with Moses Haynes to injure plaintiff, had fraudulently represented to said. Wright that he was, the owner of said property and entitled to the deed therefor. This is in substance the entire bill. There is an answer denying nearly everything contained in this bill, and setting forth some new but immaterial facts. · The case was heard on the complaint, answer and proofs, and plaintiff's bill dismissed.

It appears to us this was the proper order to be made in the case. The complaint is utterly defective. It does not show that Haynes and wife or either of them ever were in the possession of the property in dispute, or in a condition to obtain a deed from the trustee of the town site of Carson. It does not show that if plaintiff had been fully substituted to all the rights of Moses Haynes and wife, he ever would have been in a condition to claim a conveyance from Judge Wright. It does not pretend to show that Low obtained his possession (upon which right alone he obtained his deed) from Moses Haynes and wife or either of them. It does not pretend to show that defendant obtained the deed for the benefit of the Haynes, or was in any manner connected with them.

Judgment of the Court below affirmed.